CHEVREMONT *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 7.—Decided June 23, 1905.

OWNERSHIP—ENTRY OF RECORD OF BUILDING—OWNERSHIP OF LOT.—Where a building is entered of record in favor of a person, it must be understood that the ownership of the lot is also recorded in his favor when the owner thereof is not the holder of a mere surface right and where there is no evidence that the lot pertains to another person. This doctrine is based upon the legal presumption that the person is the owner of the soil who owns the building situated thereon.

### STATEMENT OF THE CASE.

This is an appeal taken by Attorney Francisco Ramirez Arrillaga, on behalf of Leon Emilio Chevremont y Couvertie, from a decision of the Registrar of Property of the city of San Juan refusing to admit a mortgage deed to record.

By public deed executed in the city of San Juan, on November 2, 1899, before Santiago R. Palmer, a notary of the said city, Juan Monclova y Martinez sold to Josefa Candia y Cintron a house and lot belonging to him, situated on Hospital street, in the said city of San Juan, bearing number 6, which deed was recorded in the registry of property.

By another deed, also executed in San Juan, on December 23, 1904, before Damian Monserrat, an attorney at law and notary, Josefa Candia acknowledged that she owed Leon Emilio Chevremont the sum of $1,300, which he had loaned her at the rate of interest of 1 per cent per month, mortgaging in his favor to secure the loan, said house, number 6, Hospital street, with its lot, and upon a copy of said instrument being presented to the Registrar of Property of San Juan for record, the registrar recorded the mortgage on the house, but refused to make it cover the lot, for the reasons stated in the decision which he wrote at the end of said deed, which decision reads as follows:

"The foregoing document is recorded as to the mortgage which it contains on the house, at folio 73 of volume 56 of this city, estate 824 triplicate, entry 18a, admission to record being refused as to the mortgage on the lot for the reason that it is neither recorded in the name of Josefa Candia nor in that of any other person, and in compliance with the law relating to appeals from decisions of registrars, a cautionary notice of such refusal has been entered in favor of Luis Emilio Chevremont in said record, which will have legal effect for one hundred and twenty days from this date.—San Juan, Porto Rico, January 11, 1905.   Jose Benedicto, Registrar."

From this decision of the registrar Attorney Francisco Ramirez Arrillaga took this appeal in the name of Emilio

Chevremont, praying for the reversal of the decision and for an order that the mortgage on said lot be admitted to record.

A mandatory letter having been sent to the Registrar of Property of San Juan asking him to explain the inconsistency which appeared in the decision at the end of the mortgage deed to the effect that the lot was not recorded in favor of Josefa Candia, when the title of ownership referring to the house and lot was recorded in her favor, the registrar replied that neither in the first record of the house in question, nor in any of the subsequent records was any mention of the lot made, and, consequently, the latter was not recorded in favor of the owners of the house, nor in favor of any other person; that almost all the estates situated within the walls of this city are recorded in the same manner, that is to say, the houses are recorded without any mention being made of the lots, and that although he knew that in such cases the soil was the principal part and the building thereon accessory, he believed that when a house was recorded without any distinction being made between the soil and the building, the lot also was to be considered recorded, although it was not expressly settled that this doctrine was sanctioned by a decision of the Department of Registries of the Colonial Government of May 16, 1896, rendered on a question in this Island, which held that two buildings having been destroyed by fire, the sale of the lots by the person in whose favor they were recorded, was recordable, if the records referred to all the property clearly and evidently, and not to a mere surface right only; and that the writer had so construed and applied it until, by reason of the opinion of this Supreme Court of November 16, 1903, relating to the record of a lot belonging to the municipality of San Juan, in which it was held, that if the lot were not expressly recorded in favor of any specific person, article 20 of the Mortgage Law did not operate as an obstacle to the record of the lot in favor of the municipality when it established its right in the form required by article 36 of the Regulations for the execution of the Mortgage Law, he changed

his method, being obliged since that time to reserve the rights which the owners of the lots might have to have them recorded in their favor upon the presentation of the proper titles, and to refuse to record a lot when it was included in the deed of transfer or encumbrance and when it did not appear of record in the registry specifically in the name of the person transferring or encumbering it.

*Mr. Ramirez Arrillaga,* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

The Department of Registries of the Colonial Government having held in its decision of May 16, 1896, that when a building is recorded, the lot must be considered as recorded in favor of the same owner, when the latter's is not a mere right to the use of the surface of the land, on the legal presumption that he who is the owner of the building is also the owner of the soil, there is no reason why this doctrine, which has been sanctioned by practice and which has been expressly affirmed by the superior office of registries of property, should not continue to be applied in all cases, provided that the legal presumption on which it is based is not destroyed by sufficient proof to the contrary.

This doctrine is not in conflict with the opinion of this Supreme Court of November 16, 1903, relating to the record of a lot in favor of the municipality of San Juan, in which it was held, not exactly that if the lot were not expressly recorded, it should not be considered as included in the record of the house, as was held in the decision of the Department of Registries of the Colonial Government, of which mention has been made, but that appearing as it did in that special and specific case, that the municipality of San Juan was the owner of the lot in question as established by the documents in the record; that the former owners of the house had been paying a sum to the municipality for the lease of the lot until 1903, and that two of said former owners, named Bernardo Baez and Juan Casimiro de Leon, had placed a mortgage on

the house in favor of the municipality to secure the payment of the rental of the lot, by deed of July 2, 1851, executed before Notary Mauricio Guerra Mondragon, recorded in the old registry and transferred to the new registry at folio 61, reverse side, of volume 28 of the municipality of San Juan, estate 1149, entry No. 6; and that this fact not having been embodied in the record of the house in violation of the provisions of article 64 of the Regulations for the execution of the Mortgage Law, according to which "in every record relating to an estate in which the soil belongs to one person and the building or the crops to another, such circumstance shall be clearly stated," this omission could not prejudice the right of the municipality and, consequently, the lot should be recorded in its favor, article 20 of the Mortgage Law not being an obstacle thereto, because it did not appear expressly recorded in favor of any specific person.

There being, therefore, no reason whatsoever, for not applying in this case the doctrine announced by the Department of Registries of the Colonial Government in its decision of May 16, 1896, especially when Josefa Candia Cintron having the deed of purchase and sale of the house at number 6 Hospital street, in the city of San Juan, which includes the lot on which it is erected, recorded in her favor, such lot must be considered as included in the record of the house, and, consequently, there is no reason for not recording the mortgage deed in question.

In view of the legal provisions cited in this opinion, the decision of the Registrar of Property of the city of San Juan appearing at the end of the mortgage deed referred to in this appeal refusing to admit it to record, is reversed, and it is held that said deed is also recordable on the lot of the house mortgaged by the deed of December 23, 1904, in favor of Leon Emilio Chevremont y Couvertie; and it is ordered that the documents submitted be returned to the Registrar of Property of the city of San Juan, with a copy of this opinion for

his information and any other purposes proper in accordance with the law.

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Wolf did not take part in the decision of this case.